UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON CENTERLESS, INC.,<br><br>              Plaintiff,<br><br>v.<br><br>MARK A. DESANTIS,<br><br>              Defendant. | )<br>)<br>)<br>)  Civil Action No. 1:22-cv-11729-RGS<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER ON MOTION FOR PRELIMINARY INJUNCTION

November 2, 2022

**STEARNS, D.J.**

      Plaintiff Boston Centerless, Inc. ("Plaintiff" or the "Company") filed the Verified Complaint (ECF Doc. 1) in this action against Defendant Mark A. DeSantis ("Defendant") alleging, among other things, that on his last day of employment with the Company, Defendant misappropriated Plaintiff's trade secrets and confidential information and threatened to disclose such trade secrets and confidential information to Plaintiff's competitors. This Order concerns Plaintiff's Motion for Preliminary Injunction (the "Motion," ECF Doc. 3). On or about October 11, 2022, Plaintiff served the Motion and accompanying Memorandum of Law (ECF Doc. 4) on Defendant by email and overnight mail. ECF Doc. 3 at 3. On October 14, 2022, after Defendant declined to waive formal service of process, Plaintiff personally served Summons and the Verified Complaint on the Defendant at his residence. ECF Doc. 7. More than 14 days have passed since Plaintiff filed and served the Motion and Defendant has not filed any opposition. For the below

reasons and those set forth in Plaintiff's Motion, Memorandum of Law, and Declaration of Laurent Cros in support of the Motion (ECF Doc. 4-1), the Motion is ALLOWED.

Upon consideration of Plaintiff's Memorandum of Law, including the attached Declaration of Laurent Cros, the Company's Chief Commercial Officer, and Plaintiff's evidence attached to the Verified Complaint, the Court finds that Plaintiff has established a likelihood of success on the merits of its claims for misappropriation of trade secrets in violation of the Defend Trade Secrets Act of 2016, 18.U.S.C. § 1836 *et seq.* ("DTSA") and the Mass. Gen. Laws Ch. 93, § 42 *et seq.* ("MUTSA"), breach of contract, conversion, and violations of Mass. Gen. Laws Ch. 93A, § 11. In relevant part, the Court finds that Defendant, on his last day of employment with the Company and without the Company's permission, emailed to his personal email accounts multiple spreadsheets containing Plaintiff's trade secrets and confidential information, including Plaintiff's proprietary and competitively sensitive customer information. Verified Compl. ¶¶ 34-43, Ex. D; Cros Dec. ¶¶ 24-37.

The information in question includes documents and data containing Plaintiff's customer lists, compilations of customer identities, customer order histories, customer preferences, needs and requirements (including specifications for products ordered), pricing, costs, profitability, terms of service offered to customers, sales and projected sales including customer ranking by sales volume, quotes, and strategies ("Confidential Information").

The Court also finds that Plaintiff has established that it will suffer irreparable harm in the absence of an injunction. Irreparable harm is presumed when, as here, Plaintiff has demonstrated a likelihood of success on the merits of a claim for trade secret misappropriation. *See Ooyala, Inc. v. Dominguez*, 2018 WL 3360759, at *7 (D. Mass. July

10, 2018) (citing *TouchPoint Sols., Inc. v. Eastman Kodak Co.*, 345 F. Supp. 2d 23, 32 (D. Mass. 2004) (recognizing that, "once the trade secret is lost, it is gone forever").

In addition, the Court finds that the balance of harms weighs in favor of granting an injunction because the potential harm to Plaintiff from denying an injunction is significant, whereas Defendant will not incur any harm from restrictions on his ability to disclose or use Plaintiff's Confidential Information and trade secrets. The Court further finds that the public interest favors an injunction against Defendant in light of the federal policy and policy of the Commonwealth favoring strong protection for trade secrets. *See* 18 U.S.C. § 1836 *et seq.*; G.L. c. 93, § 42 *et seq.*

Finally, the Court finds that it has personal jurisdiction over the Defendant for the reasons set forth in paragraph 14 of Plaintiff's Verified Complaint and paragraphs 11-13, 18 and 24 of the Cros Declaration.

Accordingly, pursuant to Fed. R. Civ. P. 65, 18.U.S.C. § 1836(b)(3)(A), G.L. c. 93, § 42A, and G.L. c. 93A, § 11, the Court hereby ORDERS:

1. Defendant and his agents, employees, and anyone acting on his behalf is prohibited from using, divulging, disclosing, furnishing, or making available to any other person or entity any of Plaintiff's Confidential Information and/or trade secrets;

2. Defendant must return to Plaintiff any originals, copies, facsimiles, or duplicates of any documents, tangible things, or materials of any kind containing Defendant's Confidential Information and/or trade secrets;

3. Defendant must permit third-party forensic imaging/carbon-copying of Defendant's computers, laptops, mobile devices, tablets, email accounts, cloud storage, external hard drives, thumb drives, and/or any other electronic information or data

storage devices or media to search for Plaintiff's Confidential Information and/or trade secrets;[1]

4. Following the forensic imaging/carbon-copying described above, Defendant must destroy all electronically stored information, data, files, and/or materials of any kind containing Plaintiff's Confidential Information and/or trade secrets, including any copies thereof, in Defendant's possession, custody, or control; and

5. In the Court's discretion, given the facts and circumstances set forth in Plaintiff's Verified Complaint, Memorandum of Law, and Declaration of Laurent Cros in Support of the Motion, the Court determines that no security is warranted under Fed. R. Civ. P. 65(c).

6. This Order shall be in effect until further order of the Court.

SO ORDERED.

*Richard G. Stearns*
United States District Judge

---

[1] Plaintiff shall retain and pay for an appropriate vendor to undertake such forensic imaging. Plaintiff may make a motion for award of such costs and/or fees incurred if warranted.